United States District Court
For the Northern District of California

*E-FILED 06-22-2010*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FIRST FEDERAL BANK OF CALIFORNIA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PEPITO C. LIM; DOES 1-20, inclusive,<br><br>　　　　Defendant.<br>_____/ | No. C10-02694 HRL<br><br>**ORDER THAT CASE BE REASSIGNED TO A DISTRICT COURT JUDGE**<br><br>**REPORT AND RECOMMENDATION** |

　　　　On June 21, 2010, pro se defendant Pepito C. Lim removed this case from Santa Clara County Superior Court. For the reasons stated below, the undersigned recommends that this action be summarily remanded to state court.

　　　　Plaintiff First Federal Bank of California ("First Federal") filed this unlawful detainer action on December 9, 2009 in Santa Clara County Superior Court. According to the complaint, plaintiff acquired the subject property through a foreclosure trustee's sale. (Complaint, ¶¶ 5-6). The complaint further alleges that on November 25, 2009, plaintiff served defendant with a notice to vacate, but defendant refused to deliver possession of the property. (*Id.* ¶¶ 7-9).

　　　　Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. If, after a court's prompt review of a notice of removal "it clearly appears on the face of the notice and any exhibits annexed thereto

that removal should not be permitted, the court *shall* make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added). These removal statutes are strictly construed against removal and place the burden on the petitioner to demonstrate that removal was proper. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

Here, defendant asserts that removal is proper based on federal question. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal cause of action. *Vaden v. Discovery Bank*, --- U.S. ----, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. *Id.* at 1273.

Defendant fails to support his assertion that this action arises under federal law. His notice of removal indicates that he has filed a separate lawsuit against First Federal for alleged violations of state and federal law. (Notice of Removal, ¶¶ 2, 4). He further suggests that this court has jurisdiction over this action as a bankruptcy matter. However, defendant's allegations in his removal notice or in a response to plaintiff's complaint cannot provide this court with federal question jurisdiction. Moreover, the complaint that defendant seeks to remove clearly states only a cause of action for unlawful detainer; it does not allege any federal claims whatsoever. Accordingly, defendant has failed to show that removal is proper on account of any federal substantive law. Nor does the complaint on its face establish that this court might have subject-matter jurisdiction based on diversity.[1] *See* 28 U.S.C. § 1332(a).

Because defendant has yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a district court judge. The undersigned

---

[1] Defendant does not establish diversity of citizenship in his removal notice, and a review of the complaint shows that it specifies that the "amount of damages claimed in this action does not exceed $10,000.00." (Complaint ¶ 1c.) And, plaintiff otherwise seeks only possession of the property and the costs of suit. (*Id.* at 3.) In addition, as local defendants, it would appear that defendants would not have the right to remove this action to federal court under diversity jurisdiction. 28 U.S.C. § 1441(b) (stating that an action is removable for diversity "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought").

further RECOMMENDS that the newly assigned judge summarily remand the case to Santa Clara County Superior Court. Pursuant to Federal Rule of Civil Procedure 72(b), any party may serve and file objections to this Report and Recommendation within fourteen days after being served.

Dated: June 22, 2010

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:10-cv-02694-HRL Notice mailed to:

Earl R Wallace
Ruzicka and Wallace LLP
16520 Bake Parkway, Suite 280
Irvine, CA 92618

Pepito C. Lim
1955 Hogan Drive
San Jose, CA 95054

**United States District Court**
For the Northern District of California

4